JENKINS *et al.* v. SHIELDS *et al.*

1. **Practice:** CORRECTION OF PRIOR RULING. Where a demurrer to a petition has been sustained, and the defendant moves to strike from the files an amended petition upon the ground that it presents no case materially different from that made in the original petition, the court, if

satisfied that its former ruling on the demurrer was erroneous, may reconsider the same and overrule both the demurrer and the motion to strike.

2. **Jurisdiction:** OF DISTRICT COURT. The district court has jurisdiction of an action against an administrator and his sureties on his official bond, for his neglect to collect the assets of the estate and for his appropriation of them to his own use.

*Appeal from Henry District Court.*

MONDAY, JUNE 9.

THE plaintiffs filed in the Henry district court a petition stating in substance that Evans Jenkins died intestate in Henry county, December 31, 1859, and that plaintiffs are his legal heirs. That J. M. Shields was appointed administrator of the estate, and that he executed an administrator's bond with the defendants Morehead and Stansbury as sureties. That Shields as such administrator received large amounts of property belonging to the estate, of the value of $20,000, including seven notes executed by Leven and Housel for $1,500; two by C. P. Harrison for $1,309; one by C. N. McDowell for $125; two by W. H. C. Jenkins for $425; one by H. Rudd for $21; one by Leven and Housel for $128.25.

That they were at the time valid, the makers being solvent, and a part of them being secured by mortgage. That Shields neglected his duty and suffered the notes to remain uncollected until they became uncollectible and were lost to the estate, whereby a right of action has accrued on said bond. That the estate is fully settled and all demands on said bond are due plaintiffs.

The second count alleges that the defendant Shields, as administrator, took possession of large amounts of personal property and notes due the estate, and that he has failed to account for the same, but has appropriated the assets of the estate of the value of $5,000 to his own use, whereby a right of action has accrued to the plaintiffs on said bond.

It is further alleged as an amendment to this petition that

defendant took into his possession a note executed by J. D. Levan and J. M. Housel for $128.25, which he has never reported among the assets of the estate nor accounted for, but which he has appropriated to his own use.

That he took into his possession six notes each for $200, and one note for $300, executed by J. D. Levan and J. M. Housel, dated May 5, 1857, amply secured by mortgage. That he has either collected them and appropriated the proceeds to his own use, or has neglected to collect the same and has canceled the mortgage given to secure them, and released and discharged said debtors, leaving $656.62 unaccounted for.

They charge on information and belief that defendant Shields pretends he has settled the Levan and Housel notes under some authority granted by the county court of Henry county. Plaintiffs say that if any such authority was ever granted (which they do not admit), the same was procured by false and fraudulent representation of Shields· to said court, and the suppression of the truth within his knowledge; that as the time of applying for such authority said Shields well knew the mortgage bonds were ample security for said notes, and that Levan and Housel had other valuable property, both real and personal, in Henry county, out of which said notes might be made, if the mortgage premises proved insufficient; and that he fraudulently suppressed and withheld said knowledge to induce the court to grant him authority to compromise said claim (if any authority was granted, which is not admitted); that the same was a fraud on plaintiffs and they have been greatly damaged thereby, viz.: $1,379.49, for which defendants are liable on said bond."

The defendants demur to this petition upon the following grounds:

"1. The petition avers no fact giving the district court jurisdiction of the action.

2. Petition fails to show any order of the circuit or county court which defendant has failed to obey, and were it true that he has failed to collect the McDowell and the Levan and

Housel notes, the circuit court above can call him to account therefor.

3. The petition shows the defendant properly charged with the assets, but fails to show that he has ever been called to account therefor by the circuit court. The petition attempts to impeach for fraud the action of the county court authorizing a compromise of claims held by this defendant as administrator, and to do this collaterally by a proceeding on the bond."

This demurrer the court sustained. December 29, 1871, plaintiffs filed an amendment to the petition, varying somewhat the allegations, but not materially changing the case presented.

March 1, 1872, defendants filed a motion to strike out this amendment, upon the ground that it is in no sense an amendment, nor does it set up any facts avoiding the points presented in the demurrer.

Thereupon the court made the following order: "The action of the court at last term, sustaining the demurrer of defendants to petition and amended petition of plaintiffs, is reviewed by the court, and the record sustaining said demurrer is vacated, and said demurrer is overruled, and the motion of defendants to strike from the files amendment to petition of plaintiffs is overruled. To all of which defendants at the time excepted."

Defendants appeal.

*T. W. & Jno. S. Woolson* and *L. Y. Palmer* for the appellants.

*Ambler & Babb* and *M. L. Edwards* for the appellees.

DAY J. — I. It is urged that when the motion to strike out the amendment was filed, nothing but that motion was before the court for consideration, and that the court had no right to reconsider his ruling sustaining the demurrer at a previous term. We conclude, however, that in this action, the court, under the circumstances of this case, did not err.

No trial upon the merits had been had, and no final judgment had been rendered. The matter of making up the issues in the case was still pending. There were but two courses which the court could pursue, if satisfied that an erroneous ruling respecting the issue had been made. One was to adhere to the ruling already made, and for the sake of consistency make others equally erroneous, leaving the aggrieved party to make the correction upon appeal. The other was to abandon the wrong path as soon as it was found to be such, and to restore the injured party without delay or expense to his legal rights. The court chose the latter course. The motion to strike called upon him to act upon the subject-matter, and he had, as it seems to us, then a right to act in accordance with his notions of law. If, therefore, the ruling now complained of is abstractly correct, it will not be reversed because the court at a previous term was of a different opinion. The only effect of the ruling of the court is to refuse to strike the amendment to the petition from the files. The court was not bound to strike it from the files merely because at a previous term he had erroneously held a similar petition insufficient in law. Our holding is based upon the particular circumstances disclosed in the record, and the condition of the case at the time the ruling complained of was made. We do not sanction the doctrine that a nisi prius court may, at any time, upon its own motion, review and overturn a judgment finally rendered.

II. The only question which remains is as to the jurisdiction of the district court over the subject-matter of this action.

The facts upon which the plaintiffs claim relief are substantially these: That the administrator has suffered certain notes to remain uncollected until they have become uncollectible. That he has appropriated large portions of the assets to his own use. That he took into his possession one note which he never reported among the assets of the estate. That he canceled a mortgage given to secure certain notes, and released and discharged the debtors. That if he had any authority from the county court to cancel said mortgage and re-

lease said debtors, he procured the same through fraud. It is claimed that the circuit court has exclusive jurisdiction over the subject of this suit, and in support of this view we are referred to section 3, chapter 86, Laws 1868, conferring upon the circuit court exclusive jurisdiction over "all matter relating to the probate of wills, the appointment and supervision of executors, administrators, etc., * * * the settlement of decedents' estates, * * * and all proceedings for the examination or settlement of the accounts of executors, administrators and guardians." This section confers upon the circuit court exclusive jurisdiction over the direction of executors in the discharge of their official duties, and the settlement of their accounts. To neither of these subjects does this action relate. The object of this suit is to render the administrator responsible upon his bond for non-feasance and for malfeasance in office. For the acts complained of the defendants are responsible upon their bond. If the only dereliction of duty for which the administrator could be made responsible, was a refusal to account to the circuit court when properly cited, the positions of appellants would receive some support. If the administrator has in fact, without fraud or mistake, made a final settlement and been discharged, this is a matter which he may plead in his defense, but the section referred to does not, in our opinion, oust the jurisdiction of the district court over the subject-matter of this action. See *Clark* v. *Cress*, 20 Iowa, 50 ; *Cowin* v. *Toole*, 31 id. 513.

The question whether this action should be upon the law side of the docket, though urged by appellants in the argument, is not presented by the record, and is not before us for determination.

In our opinion the district court did not err, and the judgment must be

Affirmed.