O'Brien v. Strang.

O'BRIEN ET AL V. STRANG ET AL.

1. **Guardian and Ward**: LIABILITY OF GUARDIAN: WHEN IT ATTACHES. An action cannot be maintained against a guardian for money of his ward in his possession as soon as the ward attains his majority, and failure to pay over the money will not constitute a breach of his bond until the guardianship accounts are settled or he has failed to obey a mandate of the court directing him to account.

*Appeal from Wapello District Court.*

WEDNESDAY, APRIL 5.

THE plaintiffs, Daniel O'Brien and John O'Brien, allege in their petition that William Strang (named in the petition as defendant but not served with notice, so far as the record shows) is their guardian, appointed by the county court of Wapello county, and that the defendants, John Shea and E. F. Coday, are sureties upon his guardian bond. They further allege that there came into the hands of said guardian the sum of $2,000 from the sale of their land, and that said guardian has never paid over to the plaintiffs said money or any part thereof; that plaintiffs are now of full age and entitled to said money, but that said guardian has neglected to make report to the court or in any way to perform the conditions of said bond. The condition was in the following words:

"Whereas, the said Wm. Strang in his capacity as guardian of said minors was duly authorized to sell the interest of said minors in certain real estate, which has been appraised at $2,500. Now if said Strang shall properly account for said sum of money and dispose of the same only for the benefit of said minors according to law and under the direction of this court, and pay the same to said minors when they shall be entitled thereto, or to any subsequent guardian should the court so direct then this bond to be void, otherwise in full force."

To the petition the defendants, Shea and Coday, demurred on the ground that the petition does not aver that the County

Court or the Circuit Court of said county has at any time made any direction for the payment of said money, or that said guardian has been ordered to account, nor does the petition show any breach of the condition of said bond. The demurrer was sustained. Plaintiffs appeal.

*Stiles & Burton*, for appellants.

*H. B. Hendershott*, for appellees.

Adams, J.—We have in this case the question as to whether the sureties on a guardian's bond become liable in a suit at law for whatever money or property is in the guardian's hands belonging to the ward immediately upon the ward's arriving at majority, and before the adjustment of the guardian's final account with the Circuit Court and before the guardian has failed to obey any order of said court.

Upon the question of the liability of a guardian or his sureties under such circumstances the decisions have not been uniform.

The case of *Stillwell and wife v. Mills et al*, 19 Johnson, 304, was an action of debt on a bond given by the defendants, Mills and Ludington, on their appointment as guardians of the plaintiff's wife when she was a *feme sole*.

The declaration alleged that the plaintiffs, after their marriage, demanded of the defendants an account of their guardianship, and of the property of the wife in their hands, which they refused to render. There was a demurrer to the declaration. The court said: "It does not appear that the accounts of the guardianship have been settled by the parties, or that any proceedings have been had before the Chancellor requiring an account of the guardians. Until the accounts are thus settled an action cannot be sustained on the bond. A guardianship is a trust and it peculiarly and exclusively belongs to the Chancellor. A guardian must be first called to account before the surety is liable. The Chancellor is authorized to make allowances to the guardian, and that court has every facility for finally adjusting the trust; whereas, in

a court of common law; it would be extremely unfit to submit the accounts to the decision of a jury or referees."

It should be observed that in New York the surrogate had power only to appoint a guardian, while the court of chancery had jurisdiction over him as a trustee. 1 Johnson Ch., 100.

In *Sebastian v. Bryan,* 21 Arkansas, 447, it was held that a court of law is not the proper jurisdiction to ascertain the final balance of an unsettled guardian's account, although when once settled the jurisdiction for its recovery may be clear.

In *Jarrett v. The State, for use of Stump,* 5 Gill & Johnson, 27, and in *The Justices of Franklin County v. Hillis,* 3 Yerger, 461, a different doctrine seems to be held. Yet in the latter case we infer that the guardian had been removed and a new one appointed, and the suit was to enable the new guardian to acquire possession of the ward's property. The removal of the defendant as guardian, and the appointment of another, might be regarded as substantially an order on the defendant to surrender the property. In the former case the condition of the bond was that the guardian should faithfully account with the orphan's court for the management of the property of the orphan, and deliver up the said property agreeably to the order of said court, *or the directions of law.*

In the case at bar the condition of the bond is that said

1. GUARDIAN and ward: liability of guardian: when it attaches.

Strang shall account properly for said sum of money, and dispose of the same only for the benefit of said minors according to law, and *under the direction of the court, etc.*

The bond required by statute provides that it shall be conditioned that the guardian will faithfully perform his duty and account for and apply all moneys received by him *under the direction of the court.* Code, Sec. 2261.

In Maryland the statute seems to have laid somewhat less stress upon the order of court, if the bond in the case of *Jarrett v. The State,* above cited, followed the statute, as we must presume it did.

Again the Code provides, Sec. 2251, that the failure to comply with any order of the court in relation to guardian-

ship shall be deemed a breach of the condition of the bond. It is true that the provision does not necessarily preclude the idea that there may be a breach of the condition of the bond without a failure to obey an order of the court.

Taking the language of the provision alone, it is impossible to say whether it is or is not designed to define in what a breach of the bond shall be deemed to consist, but taking the statute as a whole we are strongly impressed with the idea that it is designed to give the Circuit Court the sole right to determine what is the guardian's duty under the law, and that nothing less than a failure to obey its order shall be deemed a breach of the guardian's bond. The Circuit Court has original and exclusive jurisdiction of the estates of minors. Code, section 2312. It may be said that these plaintiffs are not minors. Yet that court retains its jurisdiction so far as the settlement with the guardian is concerned.

Guardians are to receive such compensation as the Circuit Court may allow, and the amount allowed and the services for which the allowance was made must be entered upon the records of the court. Code, section 2256. A full allowance cannot be made until the services are ended, that is, until after the ward has reached his majority. The guardian cannot render his final account, much less procure its approval by the court, preparatory to his discharge, until the ward has reached his majority. He should have, we think, a reasonable time to account and settle. To hold that the surety's liability as for a breach of the guardian's bond commences simultaneously with the ward's majority would, it seems to us, be introducing a rule not demanded for the ward's protection, and one which would furnish a weapon to disaffected wards to wield against their guardians for the mere purpose of annoyance.

Stress is laid by the appellant on the peculiar language of the bond in this case. It provides that the guardian shall pay the money "to said minors when they shall become entitled thereto." But we must construe the bond in the light of the statute under which it was given. They will become entitled to their money after the Circuit Court has found a balance

due them and has ordered it paid, or after the guardian has been ordered to account and has failed to do so.

AFFIRMED.