Gillespie v. See et al.

AFFIRMED.

---

## GILLESPIE v. SEE ET AL.

## CARNEY, GUARDIAN, v. THE SAME.

72 345
91 608
―――
72 345
d110 57
―――
72 345
117 157
―――
72 345
134 169

1. **Guardian:** ACTION AGAINST SURETY: BASIS OF. An action will not lie against a guardian's surety until there has been a settlement of the guardian's account with the court, and a failure to pay as ordered. (*O'Brien v. Strang*, 42 Iowa, 643, followed.)

2. **Circuit Court:** ORDERS IN PROBATE: MADE OUT OF COUNTY: JURISDICTION. The circuit court of one county cannot be held in another county of the district; and if it was competent for the judge of the circuit court of Marshall county to hear, by agreement, at chambers in Webster county, an accounting of a guardian in a matter pending in Marshall county, and to make an order of payment by the guardian, (see *O'Hagen v. O'Hagen*, 14 Iowa, 267,) yet, as in this case no such agreement is shown, and as no order of payment was entered in Marshall county, where alone it could be entered, *held* that in law there was no such order, and that an action against the guardian's surety could not be maintained on account of the breach of such order.

*Appeals from Marshall Circuit Court.*

WEDNESDAY, JUNE 29.

THESE actions were brought against George See, as former guardian of the plaintiff Sophronia Gillespie, formerly

Sophronia See, and as former guardian of R. D. See and Conway B. See, of whom the plaintiff in the second action, J. L. Carney, is now guardian. The actions were also brought against the defendant A. B. Pierce, as surety for George See, upon his guardian's bond. He filed an equitable answer and cross-petition in each case, and they were tried as actions in equity, and a decree in each case was rendered against him. He appeals.

*Henry Stone* and *J. H. Bradley*, for appellant.

*R. W. Hargrave* and *Brown & Carney*, for appellees.

ADAMS, CH. J.—The two decrees amount to $2,250, and the evidence shows that George See, the guardian and principal in the bond, is utterly worthless, and had very little property at any time. The wards are his children, and were, at the commencement of the guardianship, very young. The money received was principally the proceeds resulting from the sale of real estate. A portion was for rent of the real estate. The money had, at least in part, been expended in paying for the board and clothing of the wards, but no allowance was claimed by the guardian, though there is reason to infer that the wards were necessarily boarded and clothed out of the money. In making his report, he appears to have been entirely indifferent about protecting himself or his surety, allowing his report to be drawn by his attorney, and signing it in ignorance of its contents. We do not see that he claimed any compensation for his services, and it is alleged by the surety that he allowed himself to be charged with an improper amount of rent.

While we are strongly impressed that the action of the guardian, in reporting and settling, was different from what it

1. GUARDIAN: action against surety: basis of.

would have been if the wards had not been his own children, and he had been solvent, we are not prepared to say that the accounting, settlement and order to pay would not bind the surety, if the set-

tlement and order were made by the court. It is not denied that to constitute a breach of the bond it was necessary that there should be a failure to obey an order of the court. The language of the statute is that " a failure to comply with any order of the court in relation to guardianship shall be deemed a breach of the condition of the guardian's bond." (Code, § 2251.)

In *O'Brien v. Strang*, 42 Iowa, 643, it was held that an action would not lie against a guardian's surety until there had been a settlement of the guardian's account with the court, and a failure to pay as ordered.

In the case at bar the plaintiffs in the respective actions averred a settlement with the circuit court of Marshall county. The defendant Pierce, the surety, denied in two different counts of his answer that there was a settlement with the court. In respect to this issue we have to say that it appears to us that the plaintiff's allegation is not proved. We do not understand that there is any pretense on the part of the plaintiffs that there was any hearing upon the accounting in the circuit court of Marshall county, where the administration was pending, or that any order of settlement was entered of record in that court. Whatever hearing there was was in Webster county; but we do not understand that the hearing was before the circuit court of that county, or that any entry was made upon the records of that court. There was a hearing before the circuit judge in Webster county, but the circuit court of Marshall county cannot be held in Webster county, and any orders made by the judge there must be deemed to be made by him simply as judge. We do not say that there might not, by agreement, have been a hearing at chambers in Webster county, (*O'Hagen v. O'Hagen*, 14 Iowa, 264,) but whatever order was made should have been made in the circuit court of Marshall county, and entered of record there, where alone it properly has records.

It not appearing, then, that any order of settlement had

2. CIRCUIT court: orders in probate: made out of county: jurisdiction.

ever been made by the circuit court of Marshall county, as the plaintiffs averred, and as was necessary to give a right of action upon the bond, we think that the action upon the bond was premature.

REVÉRSED.