ROBB v. PERRY.

(*Circuit Court, N. D. Iowa, E. D.*   May 29, 1888.)

1. GUARDIAN AND WARD—GUARDIAN'S BOND—BREACH.
    Code Iowa, § 2312, gives the circuit courts "original and exclusive jurisdiction of the probate of wills, and the appointment of such executors," etc., and "of the settlement of the estates of deceased persons, and of the persons and estates of minors, insane persons, and others requiring guardianship." *Held*, that to support an action against the sureties on a guardian's general bond, on the ground that he has converted the property of the estate to his own use and failed to account for it, it is not necessary to aver or prove that there has been a final settlement in the court which appointed him, nor that there has been any specific order whatever made by that court.

2. SAME—ACTION ON BOND—STAY PENDING SETTLEMENT.
    If in an action on the bond brought in another court it appear that a full and final settlement should be had in the court where the guardian was appointed, in order to fully protect the interests of the guardian or sureties, the court may stay proceedings on the bond for a reasonable time to allow such settlement to be had.

3. SAME—ALLOWANCE OF CLAIM AGAINST GUARDIAN'S ESTATE—NON-JOINDER OF SURETIES.
    Allegations in a petition on a guardian's bond, to the effect that after the conversion of the ward's property the guardian died, and his estate was administered upon by the court of a county other than that in which he was appointed guardian, and that the ward presented and the court allowed her claims against his estate, may be disregarded as surplusage. If the ward had a good cause of action for a breach of the guardian's duty, the fact that a court having no jurisdiction to bind his sureties because they were not parties adjudicated the claim arising from such breach, cannot affect the ward's right to recover against them on the original cause of action.

At Law.   On demurrer to petition.

Action by Mary Robb against Nicholas Perry, one of the sureties on the bond of E. G. Spencer, deceased, formerly plaintiff's guardian.

*Powers & Lacy*, for plaintiff.

*Adams & Mathews*, for defendant.

SHIRAS, J.   On the 13th day of March, 1873, E. G. Spencer was appointed guardian of the estate of Mary and Anna Robb, minor heirs of James K. Robb, deceased, by the circuit court of Dubuque county, Iowa. He filed a bond with sureties in the sum of $4,000, conditioned for the faithful performance of his duties as guardian, and for a full compliance with all the requirements of the law in such cases provided.   The present action is brought upon the bond, it being averred in the petition that the said Spencer received as guardian all the property belonging to his said wards; that he wrongfully converted the same to his own use; that he never made any report of his doings as guardian; that in 1884, said Spencer died, and that one George B. Smeallie was appointed administrator of his estate by the circuit court of Blackhawk county, Iowa, of which county Spencer was a resident at the time of his death; that said wards duly filed claims against said estate in said circuit court of Blackhawk county, which were heard and adjudicated on the 7th days of May, 1885 and 1886, it being adjudged that there was due plaintiff the sum

of $1,750, and to Anna Robb the sum of $1,800; that said estate was wholly insolvent, and no property came to the hands of said administrator from which the claims could be paid; that the said Anna has duly assigned her claim to the plaintiff, who is now the owner thereof; as well as of her own claim; that plaintiff reached her majority on the 10th day of January, 1888, and that by reason of the facts thus averred there has been a breach of said guardian's bond, and that plaintiff is entitled to recover from the defendant, as one of the sureties on the guardian's bond, the amount due her in her own right, and as assignee of her sister's claim, as evidenced by the claims allowed by the circuit court of Blackhawk county. To this petition the defendant, one of the sureties on the bond, demurs; the principal question presented thereby being whether a surety upon such a bond can be sued in advance of an accounting in the probate court, from which the letters of guardianship issued, and in advance of any refusal or neglect to obey an order of that court. In support of the demurrer, it is argued that section 2312 of the Code conferred upon the circuit court of each county exclusive jurisdiction over the settlement of the estates of minors. The section provides: "The circuit court of each county shall have original and exclusive jurisdiction of the probate of wills, and the appointment of such executors, administrators, or trustees, as may be required to carry the same into effect, of the settlement of the estates of deceased persons, and of the persons and estates of minors, insane persons, and others requiring guardianship. * * *"

It has been held by the supreme court of Iowa that the section gave to the circuit court the exclusive jurisdiction of proceedings to probate a will, but did not deprive other courts of jurisdiction over actions brought to set aside a will, (*Leighton* v. *Orr*, 44 Iowa, 679,) and that the circuit court did not have exclusive jurisdiction over suits on an administrator's bond, (*Jenkins* v. *Shields*, 36 Iowa, 526.) The real point presented by the demurrer is that to constitute a breach of the bond, it is necessary to show that the guardian had failed to obey some order of the probate court, and that nothing less than this can constitute a breach of the bond, and in support of this view the cases of *O'Brien* v. *Strang*, 42 Iowa, 643, and *Gillespie* v. *See*, 33 N. W. Rep. 676, are cited. In the former case, the bond sued on was given under section 2261 of the Code, which provides that when the guardian is authorized to sell lands of the ward, he shall give a bond conditioned "that he will faithfully perform his duty in that respect, and account for and apply all moneys received by him under the direction of the court." Bonds executed under this section are given for a specific purpose, and only after the court has ordered the guardian to make the sale or mortgage of the property. For the acts of the guardian in making sales of property under order of the court, the general bond given by the guardian is not liable. *Madison Co.* v. *Johnston*, 51 Iowa, 152. The actual question presented in *O'Brien* v. *Strang* was, therefore, whether suit could be maintained on a bond given under section 2261 of the Code before the adjustment of the guardian's final account with the circuit court, and before the guardian has failed to obey any order of the court. It was held that the demurrer to the petition was properly

sustained, because the petition failed to show a breach of the bond. The language used in parts of the opinion is certainly broad enough to support the contention of the counsel for defendant in the present cause, that to constitute a breach of the bond it must appear that the guardian had failed to obey some proper order made by the circuit court under whose appointment he had acted, but the question is, whether the case is to be construed as laying down the broad principle that all bonds given by guardians, no matter what the language used therein may be, and no matter what the breach alleged may consist in, are to be so construed that no action can be maintained thereon unless it be shown that the guardian has failed to obey some specific order of the circuit or probate court. In construing the bond involved in *O'Brien* v. *Strang*, stress is laid by the court upon the provision in the bond that the money received was to be disposed of under the direction of the court. Under the facts presented by the petition demurred to in that case I can see no ground for exception to the conclusion reached, but I am not prepared to hold that the case lays down a general rule to be followed in every instance, without reference to the character of the bond sued on or the facts averred as to the breach thereof. The case did not call upon the court for a construction of the terms of the general bond given by a guardian when appointed as required by section 2246 of the Code of Iowa.

In *Gillespie* v. *See*, 33 N. W. Rep. 676, it seems to be assumed that the ruling in *O'Brien* v. *Strang* is applicable generally to suits on guardian's bonds, yet despite the broad terms used, these decisions must be read in the light of the facts presented by the cases and the exact points, which it is apparent were taken into consideration by the court when passing on them. So read these cases go to the extent of holding that upon the expiration of a guardianship, either by the ward becoming of age or by the resignation or removal of a guardian, a suit against the sureties on the bond is prematurely brought, if commenced before the final accounting is had in the court having charge of the estate of the ward, for the reason that ordinarily it cannot be known what allowance for expenditures and as compensation for services will be made until the accounting is had, and hence it cannot be fairly said that the guardian is at fault in not paying over the money or property in his hands until the amount to be paid is thus ascertained. While the supreme court of Iowa has declared this to be the general rule, I cannot believe that it was intended to be declared to be the universal rule. The facts in certain cases may be so entirely different from those in *O'Brien* v. *Strang* and *Gillepsie* v. *See* as to render the rule therein recognized wholly inapplicable. When it is desired to compel a full and final settlement by a guardian of his accounts, the wisdom of requiring this to be done by a proceeding in the court having charge of the estate rather than by an independent suit on the bond is apparent, but to accomplish this end, it is not necessary to go to the extreme of holding that nothing constitutes a breach of a guardian's general bond save a failure to obey some specific order made by the court granting the letters of guardianship.

When a person assumes the position of a guardian for the estate of a

minor, his duty is not limited to a simple obedience to the specific orders made by the court appointing him. When the property of a minor comes into his possession, it is certainly his duty to take due care thereof, and prevent loss or wastage thereof, although the court may not have made any order to that effect. Clearly it is a violation of his duty, if he should embezzle it and use it for his own purpose, although the court had never, by order, directed that he should not embezzle it. There is nothing in the language of the bond sued on which tends to limit the liability thereon solely to failure to obey a specific order of the court. The condition therein is that the guardian "shall well and truly perform all the duties as guardian of Anna Robb and Mary Robb, and fully comply with all the requirements of the law in such case made and provided." In its terms the bond is as broad as the duties required of the guardian.

The petition in this cause charges that the guardian received the property of his wards, and wrongfully converted all of the same to his own use, and never made any report thereof as required by law and by said court. If this averment be true, and the demurrer admits it, then the guardian violated his duty, to the injury and damage of his wards, and a cause of action on the bond was then created. The inconveniences arising from endeavoring to settle the accounts of the guardian in a suit on the bond can usually be met by the exercise of proper discretion on the part of the court in which suit on the bond is brought. If in such a case it is made to appear by the answer or otherwise that notwithstanding there may have been an actionable breach of the bond, yet the interests of the principal or sureties on the bond require for their protection or full presentation, that a full and final settlement of the estate in the probate court should be had, the court can and will in a proper case stay the proceedings on the bond, until a reasonable opportunity is given for bringing about such final settlement and accounting, provided it appears that such a settlement can be had. This being done, the rights of all can be reasonably guarded, but if it be held that the wards can in no case bring an action on the guardian's bond until after a final settlement in the probate court, then their rights may be wholly lost. Take the present case as an illustration of the consequences of holding that no breach of a guardian's general bond can be shown, except by proof of a failure to obey a specific order of the court. The sureties going on a bond become bound for the wrongful acts of their principal, and no further. When the guardian in this case died, he had not failed to obey any specific order of the court, for none had been made. The wards were not of age, so the time for a final accounting had not arrived. If it were possible to now have a settlement of the estate, could the court make an order directing the guardian to pay the balance found due the wards, and then hold the sureties liable for a failure on the part of their principal to obey an order of the court which was not made until more than four years after his death? To hold the sureties, it must be made to appear that the condition of the bond was broken by the principal for whom they are sureties; and if the liability on the bond is limited only to failure to obey some specific order of the court, then it is apparent

that no actionable breach of the present bond can be shown, although it is admitted that the guardian had been wholly derelict in his duty, and had, during his lifetime, converted the entire property of his wards to his own use. That acts, other than failure to obey some specific order of the court, may constitute actionable breaches of the guardian's bond finds support in the rulings of the supreme court of Iowa on the liability on administrators' bonds. In *Jenkins* v. *Shields*, 36 Iowa, 526, it is held that the administrator and his sureties are amenable to an action on the bond in a court other than the probate court for malfeasance of the administrator, and that a breach of the condition of the bond is not confined to failure to obey a specific order of the court. In each case the real question is, does the petition show facts constituting an actionable breach of the bond? If the petition in a given case merely shows that, by reason of the termination of the guardianship from any cause, an accounting and settlement should be had, and that none had yet been had, such delay or bare nonfeasance on the part of the guardian will not be deemed to be a breach of the bond; and to convert such failure into an actionaable misfeasance, it must be shown that the guardian has been called to account in the proper court, and has refused to account, or has failed or refused to obey some proper order of that court. If, however, the averments of the petition show acts of malfeasance on the part of the guardian, such as a wrongful conversion of the property of the ward, these will constitute an actionable breach of the bond, and suit thereon may be maintained in any court of competent jurisdiction. As already said, it will be within the power of the court, when the ends of justice require it, to stay proceedings in the suit on the bond, for the purpose of permitting a settlement of accounts to be had in the probate court.

Counsel for defendant argue at length in support of the proposition that the court of Blackhawk county had not jurisdiction to allow the accounts in favor of the wards against the estate of the deceased guardian. It cannot be questioned that the Blackhawk county court had jurisdiction of the estate, and that all claims against it were properly presented therein. Whether the allowance of the claims in favor of the wards is binding upon the sureties on the guardian's bond is another question, not by reason of the fact that the Blackhawk court did not have jurisdiction of claims against the estate of E. G. Spencer, but by reason of the fact that the sureties on the bond were not parties to that proceeding, and are not bound by it. It is true, the petition in this case sets forth the allowance of the claims against the estate of E. G. Spencer, and asks judgment for the amount allowed, but it does not follow that the action is intended to be based upon the allowance made as adjudications binding the surety on the guardian's bond. The petition avers the breach of the bond to consist in the fact that the property of the wards came into the possession of the guardian, and was by him wrongfully converted to his own use. It is this that constitutes the cause of action, and not the fact that certain claims allowed by the Blackhawk county court in favor of the wards have not been paid. If, upon the trial, the facts constituting the cause of action are proven, then the plaintiff would be-

come entitled to a judgment for the damages caused by the wrongful conversion, which ordinarily would be the value of the property wrongfully converted with interest. The allegations touching the action of the Blackhawk county court can be regarded as mere surplusage, or as merely giving the full history of the proceedings had, if the views of defendant's counsel touching the same are correct. In effect, the petition avers that the guardian wrongfully converted the entire property of his wards to his own use, to their damage in the sum of $4,053, for which amount, with interest, judgment is prayed. If defendant desires a more full statement or description of the property or its value, he should have moved for a more specific statement. On demurrer, the petition must be held to state a cause of action, and the demurrer is therefore overruled.