L. T. Baitinger, Guardian, Appellee, v. L. W. Elmore, Defendant, et al., Appellant.

No. 39972.

NOVEMBER 12, 1929.

*Simmons & Simmons* and *Starr & Jordan,* for appellant.

*Ralph H. Munro,* for appellee.

MORLING, J.—The breach of the bond originally alleged is deposit of funds of the ward in savings account, at interest, withdrawable only on 60 days' notice, in a bank which later failed. Negligence in this and also in making  a deposit in a checking account in the same bank is alleged, but, as will be seen, is not material to this appeal. By amendment, plaintiff alleged that, since the commencement of the action, the guardian had been ordered to, but had wholly failed to, render any accounting. The surety's principal proposition is that an accounting by the guardian is a necessary prerequisite to an action against the surety on the bond.

The bond is in the usual form. Plaintiff alleges that the guardian is insolvent, and has removed permanently out of the state, "without rendering any account of any kind in said guardianship proceedings, and without filing any final report or delivering the property of the estate to his successor." A demurrer to the petition was sustained because there was no allegation of any order to the guardian to turn over the effects of the ward in his hands. Thereupon plaintiff amended, by setting up an application made since this action was commenced, for an order, which was thereupon made accordingly, requiring the guardian to make final report and accounting. The surety thereupon answered, by way of admissions and denials, and alleged affirmatively that the guardian had "filed a final report and accounting as to the property and funds coming into his hands as such guardian, and that the obligation of this defendant as surety on such guardian's bond has itself been discharged." The

guardian did, apparently in response to the order, file final report. This final report sets out that he "had in his possession a little more than $1,000, and that, on or about the 26th day of May, 1924, this guardian deposited on a savings account in the Brighton State Bank of Brighton, Iowa, the sum of $1,000 * * * That he also held a checking account as guardian in the same bank, out of which he made certain payments, as it became necessary." The report states that the guardian then had no opportunity to invest the money; that he was informed by the bank that it could be withdrawn at any time without notice, and if it remained on deposit for six months, it would draw interest; that, if he had not deposited it on savings account, the money would have been held by the guardian in an open checking account in the same bank until proper investment was found. The report states that the guardian believed the bank to be sound, and had no reason for thinking otherwise; that, after the money was so deposited, the bank failed, and "he is therefore unable to account for the $1,000 on the savings account or the balance on the checking account, amounting to approximately $297." He asks that his report be approved, and he be discharged from further accounting, and his bond exonerated. No action, so far as appears, has been taken upon the report.

As to the checking account and the charge of negligence, the evidence seems to be clear, and the court evidently held that no negligence was shown, and that there was, therefore, no liability of the guardian or the surety company for loss of the checking account. Plaintiff has not appealed, and makes no complaint of the judgment in this respect. The bond is in the penalty of $1,000. It was shown that $1,000 was deposited on savings account at interest, under a printed rule in the pass book that, "as a matter of indulgence, deposits may ordinarily be withdrawn without previous notice, but the bank expressly reserves the right to have as a condition precedent to the payment of any and all deposits sixty days' notice in writing from the depositor of intention to withdraw such deposit, and no deposit or any part thereof, shall be payable prior to the expiration of such sixty days' notice except at the option of the bank." Thereby, *prima facie*, the guardian, in effect, and without authority, invested the money of his ward in a savings deposit, and precluded himself from withdrawing it except on sixty days'

notice. Thus far the case is not one of a mere temporary deposit of money payable on demand in the exercise of ordinary care. The deposit was without authority of the court, and therefore was wrongful. *Andrew v. Sac County State Bank,* 205 Iowa 1248; *Andrew v. Farmers Sav. Bank of Goldfield,* 207 Iowa 394; *Garner v. Hendry,* 95 Iowa 44.

The purpose of the bond is to secure faithful discharge of the duties of the guardian and protect the ward from loss or damage for breach of duty. In order to recover, not only must the duty of the guardian and the breach be shown, but resulting loss must appear. *Townsend v. Stern* (Iowa), 99 N. W. 570 (not officially reported); 28 Corpus Juris 1297. Ordinarily, the resulting loss must be shown by settling the guardian's account. *O'Brien v. Strang,* 42 Iowa 643; *McWilliams v. Kalbach,* 55 Iowa 110; *Gillespie v. See,* 72 Iowa 345; *Vermilya v. Bunce,* 61 Iowa 605; *Ackerman v. Hilpert,* 108 Iowa 247. See, further, *Armon v. Craig,* 203 Iowa 1338, 1339; 28 Corpus Juris 1304; 24 Corpus Juris 1086; 39 Cyc. 651; *Hood v. Hood,* 85 N. Y. 561; *French v. Dauchy,* 134 N. Y. 543 (31 N. E. 1041); *Perkins v. Stimmel,* 114 N. Y. 359 (21 N. E. 729). This rule, however, is not without exception. Formal accounting will not be required where such procedure would be a mere useless formality in ascertaining the amount of the loss, and where the breach of the bond may be determined and the loss definitely ascertained in an action on the bond. *Farrington v. Secor,* 91 Iowa 606. See *McWilliams v. Kalbach,* 55 Iowa 110; *Robb v. Perry,* 35 Fed. 102. The guardian has removed from the state, and is insolvent. He has filed a report, from which it appears that he received $1,000 belonging to the ward; that he deposited this sum in savings account; that he had a checking account, from "which he made certain payments, as it became necessary;" that he is unable to account for the $1,000, because of the failure of the bank; and that he has turned over the evidences of the deposits to his successor. He files this report as final. He claims no credits. The taking of formal accounting does not appear to be necessary, as matter either of procedure or right. The report is filed in the court in which this action is brought. It is on the probate side of the calendar, whereas the present action is upon the law side. In either event, the proceeding or action

would be triable by ordinary proceedings. Code of 1927, Section 10943; *Murphy v. Callan*, 199 Iowa 216. No objection to trial by jury was raised, or such objection, if raised, would not now be important. On the final report, the one question was whether the defendant gave a sufficient excuse for his inability to pay to his successor the $1,000. Defendant says, in argument, that the facts "are practically without dispute, and on the record as made, either the defendant Southern Surety Company was entitled to a directed verdict in its favor on the record, or the trial court was right in directing a verdict for plaintiff; although we insist that the verdict was excessive, to the extent hereinafter pointed out * * *" On the undisputed facts, the guardian is liable, as matter of law. No good purpose would be served by sending the case back to the district court to proceed on the probate side of the docket for formal action on the report and recovery on the bond, although, under the circumstances of the case, this course might have been followed. *Farrington v. Secor*, 91 Iowa 606. See *McWilliams v. Kalbach*, 55 Iowa 110; *Robb v. Perry*, 35 Fed. 102.

The court allowed to the defendant the benefit of a dividend of 25 per cent on the savings account, which had been paid by the receiver to the plaintiff. Defendant claims that it should  have the benefit of the dividend upon the checking account. The deposit of the checking account was made without negligence. The guardian has turned over to the plaintiff, as it was his duty to do, the evidence of this deposit. The fund was a separate one from the deposit in savings account. It was on an entirely different contract. It belonged to the ward. If it had been deposited in another bank which had not failed, and had been paid to the new guardian, defendant surely would not claim the right to the benefit of it as an offset against the liability for funds unaccounted for. On the record as it is presented here, plaintiff was entitled, as matter of law, to recover of defendant the amount for which verdict was directed.

Defendant attempted to show that, notwithstanding the printed rule in the pass book, the bank, when the deposit was made, gave the guardian the privilege of withdrawing the money  on demand, without notice. See *In re Estate of Olson*, 206 Iowa 706. The abstract and amendments to abstract are in such form that

it is difficult to ascertain definitely the record that was made in the lower court on this question. We find, however, in the abstract this:

"Plaintiff objects to Interrogatory No. 9, as follows: That part reading 'If your answer is that the same was deposited in a savings account, then state whether or not you had any agreement with said bank or its officers permitting you to withdraw said funds at any time you so desired, without notice to said bank, provided you would lose the interest thereon,' for the reason that the same calls for a conclusion of the witness, for secondary evidence, and is incompetent, irrelevant, and immaterial; and objects to the balance of Interrogatory No. 9 for the same reasons. The court sustained the objection."

The assignments of error call attention to no other ruling on the subject. It appears from the amendments to the abstract that the guardian testified as thus set out, and that the evidence was excluded. The excluded testimony reads:

"The $1,000 was deposited on savings account, and I had an agreement with the bank whereby I could withdraw said funds at any time I desired to do so, without notice to the bank, provided I would lose any interest accrued at the time of withdrawal. The agreement was made with the cashier of the bank."

The interrogatory called for, and the answer gave, a conclusion. The ruling was, therefore, right. The record fails to show any prejudicial error.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.