UTESCH v. UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD.

No. 12.

District Court, N. D. Iowa, W. D.

May 13, 1939.

Kenneth T. Wilson, of Sioux City, Iowa, and F. H. Rebelsky, of Moville, Iowa, for plaintiff.

H. W. Brackney, of Sioux City, Iowa, for defendant.

SCOTT, District Judge.

The above entitled cause came before the Court on the 12th day of May, 1939, upon agreement of parties to vacate the assignment for May 16th, 1939, and proceed to hearing of defendant's motion to dismiss. And thereupon the motion was fully argued by counsel for the plaintiff and defendant, and submitted.

The complaint is one by an administrator de bonis non with will annexed, against a surety upon the bond of a derelict and deceased administrator.

The ground of the motion and contention by defendant was that an action on the bond would not lie against the surety until an accounting had been had in the probate court of Woodbury County, Iowa, and the amount for which it was liable determined. The plaintiff contends, however, that that general rule does not apply when the derelict administrator is deceased.

The question was very ably argued and a number of decisions submitted by way of authority from the Supreme Court of Iowa and other States, as well as the Supreme Court of the United States. The principal decisions cited by the defendant from the Supreme Court of Iowa were: Ellyson v. Lord, 124 Iowa 125, 99 N.W. 582; In re Kessler's Estate, 213 Iowa 633, 239 N.W. 555; Stewart v. Phenice, 65 Iowa 475, 479, 22 N.W. 636; In re Jackson's Estate, 217 Iowa 1046, 252 N.W. 775, 91 A.L.R. 937; In re Davie's Estate, 224 Iowa 1177, 278 N.W. 616; In re Sterner's Estate, 224 Iowa 605, 277 N.W. 366; In re Mowrey's Estate, 210 Iowa 923, 232 N.W. 82; In re Carpenter's Estate, 210 Iowa 553, 231 N.W. 376. The defendant also cited: Beall v. New Mexico, 16 Wall. 535, 21 L.Ed. 292; Kendall v. Creighton, 23 Howard 90, 16 L.Ed. 419; United States v. Coxe, 18 How. 100, 15 L.Ed. 299.

Counsel for the plaintiff stress Herrick & Doxsee, Vol. 1, page 323; and the fol-

lowing Iowa cases: Clark v. Cress, 20 Iowa 50; Farrington v. Secor, 91 Iowa 606, 60 N.W. 193; Baitinger v. Elmore, 208 Iowa 1342, 227 N.W. 344; and other cases cited by the defendant.

The question is an interesting one. However, I think the motion and contention presents a question of procedure, and wherever the weight of authority has heretofore rested, the question is foreclosed by Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which now control questions of procedure in this Court.

Rule 18(b) provides: "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action."

It appears to me that the question under consideration reads directly on this provision of Rule 18. In principle it is analogous to the old rule that before a court of equity would entertain a bill to set aside a fraudulent conveyance, the party must litigate the matter in a court of law and obtain a judgment. Other instances of the application of the old rule could be readily cited.

It is, therefore, ordered that defendant's motion to dismiss be overruled, and the defendant will answer within the time prescribed by Rule 12, Rules of Civil Procedure.