(No. 35429.—)

Maurice Young *et al.*, d/b/a Laktop Company, Appellants, *vs.* John C. Wilkinson, Appellee.

*Opinion filed January 22, 1960.*

Arthur Abraham, and Israel Dordek, both of Chicago, for appellants.

Block & Solomon, of Chicago, (Irving L. Block, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Plaintiffs sued defendant in the superior court of Cook County in an action for breach of contract to purchase certain leasehold interests in real estate owned by plaintiffs. The amount involved was $59,000, being the balance of the purchase price due under the contract. The amended complaint combined a demand for specific performance in the first count and a count in the nature of a creditor's bill in the second count. There was no allegation in the creditor's bill that plaintiffs had recovered a judgment against defendant. A motion by defendant to dismiss the complaint for insufficiency was sustained by the *nisi prius* court and plaintiffs, electing to abide by their complaint, submitted

to the entry of a judgment that they take nothing by their suit and for costs against them. Upon their appeal the Appellate Court for the First District affirmed the judgment as to count II, reversed the judgment as to count I and remanded the cause for further proceedings under said count. (22 Ill. App. 2d 304.) We granted plaintiffs' petition for leave to appeal.

In its opinion the Appellate Court expressly held that count I (the count demanding specific performance of the contract by defendant) stated a cause of action. There is, however, nothing final or appealable in this order of the Appellate Court, so, although defendant contends in his brief that the ruling of the Appellate Court should be reversed, we hold we are not authorized upon this state of the record to give any consideration to the judgment of the Appellate Court reversing and remanding the cause as to said count I.

As to count II the Appellate Court held that "a judgment and the return of an unsatisfied execution are still conditions which must precede the filing of a creditor's bill" and that section 44 of the Civil Practice Act (hereinafter set forth) does not supersede the specific provisions of paragraph 49 of the Chancery Act which provides for the remedy and procedure in relation to creditor's bills, and therefore upheld the judgment of the superior court holding count II insufficient.

This brings us to the consideration of the merits of this appeal which presents for determination the question whether a complaint, such as the one filed here, which combines a count for specific performance with a count seeking relief against defendant and his debtors under a creditor's bill is valid.

To help solve this question reference must be had to the 1955 amendment to section 44(1) of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 44,) which became effective January 1, 1956, the pertinent parts of which

read as follows: "(1) Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; * * * *If a cause of action is one heretofore cognizable only after another cause of action has been prosecuted to a conclusion, the two causes of action may be joined; but the court shall grant relief only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may· join a cause of action for money· damages and a cause of action to set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the cause of action for money damages.*" (Italics show the language of the amendment.)

Interesting, if not persuasive, are the comments of the joint committee which recommended the adoption of this amendment. They said: "The addition to subsection (1) is based on the policy of permitting a party to seek in a single proceeding all the relief to which he is entitled. Under this provision an action against a surety may be brought before obtaining an accounting to determine the amount due (*Utesch v. United States Fidelity & Guaranty Co. of Baltimore*, 27 F. Supp. 933 (N.D. Iowa (1939)); and a plaintiff in a stockholders' derivative action may have his rights as a stockholder of the corporation adjudicated in that action (*Richardson v. Blue Grass Mining Co.* 29 F. Supp. 658 (E.D. Ky. (1939)). The second sentence of the new provision is an example of a situation covered generally in the first sentence so as to emphasize the intended change in the common law rule (*Ladd v. Judson*, 174 Ill. 344, 51 N.E. 838, 66 Am. St. Rep. 267 (1898)), which the Practice Act of 1933 did not change. See *Wickiser v. Powers*, 324 Ill. App. 130, 57 N.E. 2d 522 (3d Dist. 1944). These additions are patterned upon Federal Rule 18(b)."

Rule 18(b) of the Federal Rules of Civil Procedure, above mentioned, is as follows: "(b) JOINDER OF REME-

DIES; FRAUDULENT CONVEYANCES. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

From the foregoing it seems perfectly clear, as plaintiffs contend, that it was the deliberate intention of the legislature to permit the joinder of two separate and distinct causes of action in the complaint as was done here, and consequently the holding of the superior court of Cook County and of the Appellate Court to the contrary was error. To hold otherwise would defeat the clear intention of the legislature, would drain the amendment to section 44(1) of its significance and would render nugatory the intention and purpose of the legislature in enacting the amendment of 1955 to section 44(1) of the Civil Practice Act.

We therefore conclude that under the language of section 44(1) as amended, a creditor's bill, such as the one pleaded in this action may be maintained in conjunction with a count for specific performance.

The judgments of the superior court of Cook County and of the Appellate Court as to count II of plaintiff's amended complaint are reversed and this cause is remanded to the superior court for further proceedings in harmony with this opinion.

*Reversed and remanded.*