THE STATE, TO THE USE OF JOHN E. COLEMAN, Respondent, *v.* SAMUEL WILLI, Appellant.

1. *Limitations, statute of — Absence of plaintiff from the State.*—Absence of plaintiff from, or his non-residence in, the State, does not prevent the running of the statute of limitations.
2. *Limitations — Guardian and ward — When statute commences running.*— After the ward becomes of age, he stands in the relation of creditor to his guardian. His cause of action is then complete; and if he fails to bring suit within the time limited by statute thereafter, the claim is barred.

*Appeal from St. Louis Circuit Court.*

*Espy*, for appellant.

I. The action presents a claim against which the statute of limitations will run. (R. C. 1849, p. 74, § 1; R. C. 1855, p. 1047, § 1; Wagn. Stat. 917, § 8.)

II. At the date of the guardian's settlement of his account in Probate Court, the statute commenced to run against him. (Wagn. Stat. 917, § 8; Johnson and Wife v. Smith's Adm'r, 27 Mo. 591; Rabsuhl v. Lack, 35 Mo. 316.)

III. Absence from the State, or non-residence of the plaintiff in this State, does not prevent the running of the statute of limitations. (Taylor's Adm'r v. Newby, 13 Mo. 159.)

*Wickham*, for respondent.

The statute of limitations did not begin to run in favor of appellant until there was a present existing and subsisting cause

of action against him, and this did not accrue until there was a breach of condition of the bond, by reason of the conversion of the funds of respondent by the administrator of the guardian to use of his heirs, or by failure and refusal to pay over the same to respondent, whereby the default of the guardian and the breach of the bond became complete. (State v. Holt, 27 Mo. 342; Chambers, Adm'r, v. Smith, 23 Mo. 180.) Time begins to run against a trust only from the date of its disavowal; and until the refusal to execute it, or some other breach, the cause of action on it does not accrue. (Cunningham v. McKinley, 22 Ind. 149, 152.) The duties of Musick did not cease until he had fully accounted and paid over the balance in his hands to his ward, and until that time the surety was liable. (Gilbert v. Guptill, 34 Ill. 139; Burge on Sureties, 272; *id.* 113; State, etc., v. Drury, 36 Mo. 289; Brown v. Houdlette, 1 Fairf., Me., 399.)

BLISS, Judge, delivered the opinion of the court.

Defendant was surety upon the bond of William Musick, deceased, as guardian of Coleman, dated March 23, 1850. On the 9th of June, 1856, Coleman having just arrived at his majority, his guardian filed in the Probate Court a settlement showing a balance of $440.78 due the ward, and soon after died. His administrator, one Ferguson, kept the fund separate in his account, and the ward Coleman not being heard from (having gone to California before his majority), distributed it to the heirs of Musick. Coleman returned in 1868, and commenced suit against defendant upon the original guardian's bond. The only defense is the statute of limitations. Absence of the plaintiff from the State, or non-residence, is not enumerated among the exceptions as barring the running of the statute. (Taylor's Adm'r v. Newby, 13 Mo. 159.)

In Johnson v. Smith's Adm'r, 27 Mo. 591, this court held that the statute began to run in favor of a guardian, in his own wrong, from the time the property of the minor came into his hands; and in The State v. Blackwell, 20 Mo. 97, that it began to run in favor of an administrator from the final settlement and the order

of distribution. So it will be seen that the fiduciary relation of an administrator and guardian is not treated as a continuing and subsisting trust after the time when, by the terms of its creation, it should terminate and the proceeds of the trust be accounted for.

The question has been directly passed upon in other States, where it is held that after the ward becomes of age he stands in the relation of a creditor to his guardian; and if he does not bring suit within the time limited by statute, the claim is barred. (Ball v. Tomson, 4 Watts & Serg. 557; Green v. Johnson, 3 Gill & Johns. 389.) In the latter case the court remarks: "As soon as a trust ceases to be a continuing, subsisting trust, or expires by its own limitation, or is put an end to by the act of the parties, if it be a fit subject for a suit at law, a cause of action arises, and the statute of limitations begins to run. The moment a ward is emancipated from the authority of his guardian by reaching the age prescribed by law, his cause of action is complete. The relation which existed between them ceases to be a subsisting trust; an action of account may be immediately instituted in a court of law, and from that time the act of limitation dates the commencement of its operation." (See also Alston v. Alston, 34 Ala. 29; Taylor v. Kilgore, 33 Ala. 221; Davis v. Ford, 7 Ohio, 104, as bearing upon the question.) As over twelve years had elapsed from the majority of the plaintiff before the commencement of the suit, his claim under the law was barred.

The judgment of the Circuit Court is reversed. The other judges concur.