HUMPHREYS v. MATTOON ET AL.

1. **Statute of Limitations:** FRAUDULENT CONCEALMENT. When there is no fraudulent concealment of the fact that a right of action exists, but a concealment merely of the existence of property from which a judgment might be satisfied, the operation of the statute of limitations is not suspended by section 2530 of the Code.

2. ————: GUARDIAN AND WARD. When the ward becomes of age, his cause of action against his guardian for his property in the latter's hands becomes complete, and if he fail to bring suit within the time limited by statute, the claim is barred.

*Appeal from Muscatine District Court.*

THURSDAY, JUNE 15.

PLAINTIFF's petition was filed July 14th, 1874, in which it is alleged that his mother died in 1840, and his father about the year 1844. The further material allegations of the petition are in substance as follows: In the year 1845 Ansel Humphreys was, by the Probate Court of Whiteside Co., Ill., appointed guardian of plaintiff's estate. Prior to the year 1850 said guardian received and collected some seven hundred dollars of the estate of plaintiff. Said guardian never expended any of said sum for the maintenance or education of plaintiff, and was not entitled to any credits against plaintiff excepting about sixty dollars, paid in 1868. Including the interest thereon, there is now due plaintiff some $1,400. In 1849 Luru Humphreys, the wife of said Ansel Humphreys, was the owner of a lot in the city of Muscatine, and about that time the said Luru and Ansel built a dwelling house on said lot, and commenced to occupy the same, and they lived therein until the death of Luru, which occurred in 1863. In 1867 Ansel removed from said premises and lived with his daughter until his death, which occurred in 1873.

The said dwelling house and other improvements were built with and paid for out of the money and estate of plaintiff, the whole of said estate and money being used for that purpose, and with the knowledge of said Luru Humphreys.

The fact that said money was so used was wholly unknown to plaintiff until within five years next preceding the commencement of this suit. Luru Humphreys, by her last will and testament, devised said real estate to her said husband, Ansel. Ansel Humphreys knew of said devise, concealed the same from plaintiff, and repeatedly represented to plaintiff that he had no interest in the said real estate, and represented that he had no property of any kind or description liable to execution. Plaintiff was deceived by said false representations, and relying thereon was thereby prevented from examining the records, and believed until in June, 1874, that Ansel Humphreys had no interest in said lot. For many years prior to his death Ansel Humphreys had no property aside from said lot. The defendants are the heirs-at-law of Ansel Humphreys. Plaintiff also avers that he relied upon said false and fraudulent representations, statements and conduct, and was thereby induced to believe that his claim was worthless, and was thereby dissuaded from attempting in any manner to collect the same. He asks that his claim may be declared a lien upon the lot in question, and that it may be ·sold on special execution to satisfy the same. There was a demurrer to this petition which was sustained, and the petition dismissed. Plaintiff appeals.

*Richman & Carskaddan,* for appellant.

*Hoffman, Pickler & Brown,* for appellee.

ROTHROCK, J. The demurrer is based on a number of causes, among which is the statute of limitations. As in our opinion this one cause is decisive of the case, we will briefly consider it, omitting any allusion to the other questions raised in argument.

The prayer of the petition does not ask that an account be taken for the amount due. The pleader seems to have avoided that necessary feature of the case. The facts pleaded, however, show that the relief, if any, to which plaintiff is entitled, is the statement of an account of the amount due; and when that is

1. STATUTE OF limitations: fraudulent concealment.

ascertained, then for a decree subjecting this property to the payment of the debt. Viewed in this light, this is not an action grounded on fraud. That is, the right to recover the $1400 did not originate by reason of fraudulent representations. There was no concealment as to the liability of the guardian, or that there was a good cause of action against him for the amount due. The false representations consisted in concealing the manner in which the money of plaintiff was by the guardian converted to his own use, and in concealing the fact that he had certain property not exempt from execution, and in asserting that he was worthless and insolvent. These fraudulent representations and concealments are not the foundation of this action. There is no allegation in this petition that the fact of the conversion of plaintiff's money was concealed. Indeed, it seems to be admitted that the money was received by the guardian, and it appears that he had no property for many years prior to his death.

The Code, Section 2530, provides that "In actions for relief on the ground of fraud,   \*   \*   \*   the cause of action shall not be deemed to have accrued until the fraud \*   \*   \*   complained of shall have been discovered.". In *District Township of Boone v. French*, 40 Iowa, 601, it is held that where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or *might by the use of diligence have been discovered.*

Applying this test, it may well be asked: why did the plaintiff omit to examine the records of Muscatine county, and why did he fail to make inquiry as to what use his money had been applied by his guardian?

The argument that this is an express trust, and that therefore the statute does not run against plaintiff, in our opinion is unsound in its premises. If it may be called a trust, it arises by operation of law, and the statute of limitations applies. *Harbour v. Rhinehart*, 39 Iowa, 672.

II. The plaintiff's mother died in 1840, and at the time

of the commencement of this action he was not less than 2, ——;guardian and ward. thirty-four years old. His right of action against his guardian for an account accrued thirteen years before this suit was brought. Where the guardianship ceases by the guardian's resignation, his removal, or by reason of the ward arriving at full age, an action lies in favor of the ward. "After he becomes of age he stands in the relation of creditor to his guardian. His cause of action is then complete; and if he fails to bring suit within the time limited by statute, thereafter the claim is barred." *Coleman v. Willie*, 46 Mo., 236, and cases cited.

Viewing this case, then, either as founded on the original claim, or as based on the alleged fraud, we are of opinion that it is fully barred, and the judgment of the District Court is

AFFIRMED.