JOHN BARRETT V. JOSEPH PROVINCHER.

FILED MARCH 21, 1894.   No. 5141.

Guardian and Ward.   After the death of his ward, a guardian cannot commence or maintain an action for the collection of a debt due such ward.

ERROR from the district court of Fillmore county. Tried below before MORRIS, J.

*F. B. Donisthorpe*, for plaintiff in error, cited: *Stinson v. Leary*, 34 N. W. Rep. [Wis.], 63; *Huntsman v. Fish*, 30 N. W. Rep. [Minn.], 455; *Jacobs v. Fouse*, 23 Minn., 51.

*John Barsby, contra*, cited: *Marlow v. Lacy*, 2 S. W. Rep. [Tex.], 52; *Alford v. Halbert*, 12 S. W. Rep. [Tex.], 75; *Fortson v. Alford*, 62 Tex., 580.

RYAN, C.

This action was commenced before a justice of the peace in Fillmore county, Nebraska, by the plaintiff in error, John Barrett, as guardian of Alanson Barrett, against the defendant in error, for the recovery of $72.30 for work and labor performed by Alanson Barrett for the defendant. The record recites that during the cross-examination of plaintiff it was developed that Alanson Barrett, his ward, was dead, and that thereupon counsel for the defendant moved the court to dismiss the case for the reason that the plaintiff had no legal capacity to sue. The motion was sustained and the cause dismissed at the cost of plaintiff.

The sole question presented in this court is whether or not, under the circumstances described, the plaintiff, as guardian, could maintain an action against the defendant for such sum as the defendant owed for labor of the deceased ward. Plaintiff relies upon *Stinson v. Leary*, 34

N. W. Rep. [Wis.], 63, and on *Huntsman v. Fish*, 30 N. W. Rep. [Minn.], 455. In neither of these cases was the ward dead. He had merely reached the age of majority; and it was properly held that for the purpose of the adjudication of rights as between the ward and guardian the relation continued until a settlement was made. In the case at bar, however, the relation was terminated by the death of the ward. For the collection of whatever sums that were due the estate of the deceased, an administrator or executor was the only representative party who could properly maintain the action. The judgment of the district court approving the proceedings in the justice court was right and is

AFFIRMED.

POST, J., not sitting.