JAMES W. E. WYCOFF v. L. J. MICHAEL, Administrator, Appellant.

**Statute of Limitations:** GUARDIAN AND WARD. A petition alleging that defendant was plaintiff's guardian, received money as such, and that he be compelled to report and pay over, presents a mere action in accounting which bars in five years, and amending it by asking judgment on the guardian's bond against the guardian alone does not change it into an action on bond.

*Appeal from Wapello District Court.*—HON. W. D. TIS-DALE, Judge.

THURSDAY, OCTOBER 10, 1895.

L. J. Michael is the administrator of the estate of Thomas Bingham, deceased, who, in his lifetime, was guardian of the property of the plaintiff. From October, 1869, to April, 1873, Bingham, as guardian, received on account of his ward, as pension, the sum of three hundred and eighty dollars and fifty-three cents. The plaintiff attained his majority in July, 1884. This proceeding was commenced by him in August, 1891. The petition, as originally filed, seems to have been with Bingham as defendant, as the answer is signed by him. It does not appear when he died. The petition, as first filed, shows the fact of the guardianship, the receipt of the money, a credit of ninety-two dollars and fifty-six cents, and a balance due, including interest, of seven hundred and one dollars and sixty-eight cents. The answer of Bingham, filed in December, 1891, shows that he received as pension the sum of two hundred and eighty-four dollars and fifty cents, and that he had

expended the sum of four hundred and twenty-five dollars. In April, 1894, the plaintiff amended his petition by showing that June 20, 1869, Bingham, with L. J. Michael as surety, executed a guardian's bond for the use of plaintiff; recited the conditions of the bond, and the facts as to the receipt of the pension money as guardian; and averred "that said Thomas Bingham, by the terms of the said bond, agreed to account for and pay the same to the plaintiff when he became twenty-one years old." To the petition as thus amended, the defendant filed an answer admitting the execution of the bond as set forth in the petition, and averring that the action is barred by the statute of limitations. Some testimony was taken under the issues presented, and the court ordered the defendant to pay plaintiff the sum of four hundred dollars and eighty cents, and from the order the defendant appeals.—*Reversed.*

*W. A. Work* for appellant.

*McElroy & Roberts* for appellee.

Granger, J.—The only question presented on the appeal is as to the statute of limitations. It seems to be conceded that, unless the action is founded on the guardian's bond, the plea of the statute is well taken. In *Humphreys v. Mattoon,* 43 Iowa, 556, it is held that, where a guardianship ceases by a ward's arriving at full age, an action lies in favor of the ward; that after the ward becomes of age he stands in the relation of a creditor to his guardian; that his cause of action is then complete; and that, if he fails to bring suit within the time limited, his claim is barred. That this action was not originally intended as one on the bond is clear. It was simply an application for an accounting with the guardian, and for an order to pay over money found due. In fact, we think the character of the proceeding

was not changed by the amendment.   Nothing is asked as to the surety on the bond, and, for the purpose of the relief asked, the law enjoined every obligation on the guardian which is claimed because of the conditions of the bond.   The law fixes the duties of guardians, and then requires them to give a bond "with surety * * * conditioned for the faithful discharge of their duties * * * according to law."   Code, section 2246. Hence, as to the guardian, the law fixes the same duties as does the bond.   But for the surety the bond would be of no significance, and this added security is what the bond is for.   It is a matter of exceeding doubt if an action of this kind could be maintained on the bond. By Code, section 2251, it is provided that a failure to comply with any order of the court in relation to guardianship shall be deemed a breach of the conditions of the bond.   In *O'Brien v. Strang*, 42 Iowa, 643, this section is cited; and, while it is there said that the language does not necessarily preclude the idea of a breach in some other way, it seems to be the thought of the court that, with all the sections of the law considered, nothing less than a failure to obey the orders of a court shall be deemed a breach of the guardian's bond.   It is perhaps best that we would not state this as a rule without exceptions, but that it is the general rule must be conceded, because of the language of the law, and the adaptation of the rule to practice.   In *Gilbert v. Guptill*, 34 Ill. 112, a case cited by appellee, it is said:   "The settlement with the court of probate by the guardian, made before or after the ward arrives at full age, fixes the amount of damages to be recovered under the bond." In that case it seems to be held that a proceeding for an accounting with the guardian is not in the nature of an action to be barred.   But on that branch of the case this court has taken the other view in *Humphreys v. Mattoon, supra,* and the holding has support on authority.   See *State v. Willi,* 46 Mo. 236; *Jones v. Jones,* 91

Ind. 378.    Our conclusion is that this is not an action
on the bond, but one for an accounting only, to deter-
mine whether anything was due from the guardian to
the ward.    The proceeding was not instituted for some
eight years after the plaintiff attained his majority and
this cause of action accrued, and the action is therefore
barred.—*Reversed.*