MARGARET ACKERMAN, in her own right and as next friend of GEORGE S. ACKERMAN, minor, Appellant, v. FRED HILPERT *et al.*

**Limitation of Actions: GUARDIAN'S BOND:** *Tolling statute.* Code, 1873, section 2251, provides that "a failure to comply with an order of the court * * * shall be deemed a breach of the conditions of the guardian's bond." Section 2271 provides that, before any sale of land of a ward can be made, "the guardian must give security to the satisfaction of the court, * * * conditioned that he will faith-

fully perform his duty in that respect and account for and apply all moneys received by him under the direction of the court." *Held*, that when the ward becomes of age, the statute of limitations commences to run against a cause of action on the bond for failure to account, whether or not demand for an accounting be made, and whether or not the guardian be ordered to account by the court; and that the statute of limitations is not tolled by the death of a person after the statute has commenced to run against a cause of action in his favor.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, MAY 9, 1899.

ACTION to recover upon a guardian bond. A demurrer to the petition was sustained. Plaintiff electing to stand upon the petition, judgment was rendered in defendants' favor for costs. Plaintiff appeals.—*Affirmed.*

*A. J. McCreary* for appellant.

*W. B. Collins* and *J. C. Davis* for appellees.

WATERMAN, J.—The record presents but a single question,—was the cause of action set out by plaintiff barred by the statute of limitations? The facts stated in the petition are as follows: Jacob Ackerman died in the year 1860, leaving surviving a son, George Ackerman, then some six years of age, and a widow, Margaret Ackerman. The widow was duly appointed guardian of the child. Subsequently she married the defendant, Fred Hilpert. On August 15, 1870, said guardian procured an order of the proper court, authorizing her to sell certain real estate of her ward. As required by law, she executed an additional bond, and the defendants herein were surety thereon. The real estate was duly sold. In 1875 the ward attained his majority, and in 1883 he died. The plaintiff, Margaret Ackerman, is his widow, and George L. Ackerman his son. It is claimed that Margaret Hilpert never accounted to her ward for the proceeds of the sale of

real estate mentioned. The present action was begun November 3, 1897. Upon attaining his majority, in 1875, the ward was entitled to demand an accounting and settlement by his guardian. The relation of debtor and creditor existed between them, and then the statute began to run. *Wycoff v. Michael,* 95 Iowa, 559; *Humphreys v. Mattoon,* 43 Iowa, 556; *State v. Willi,* 46 Mo. 236; *Paine v. Jones,* 93 Wis. 70 (67 N. W. Rep. 31). The ward, having a right to an accounting upon reaching his majority, could not, by postponing a demand therefor, extend the period of limitation. *Lower v. Miller,* 66 Iowa, 408; *Bank v. Greene,* 64 Iowa, 445; *Mickel v. Walraven,* 92 Iowa, 423. An action upon the bond would be barred in ten years from the time the right accrued. Code, section 3447, subdivision 7. The cause of action was therefore barred in 1885. The death of George Ackerman, before the period of limitation had fully expired, could not have the effect to toll the statute. *Bishop v. Knowles,* 53 Iowa, 271; *Grether v. Clark,* 75 Iowa, 385. Appellant's theory is that the statute does not begin to run until the guardian is ordered to account by the probate court, and, as this has not been done, the cause of action is not barred. The case of *O'Brien v. Strang,* 42 Iowa, 643, is cited as so holding. We may first observe that the statute of limitation was not in issue in that case. The only question there decided was that a guardian could not be sued on his bond until his accounts had been settled in the probate court and the amount of his liability fixed. But we do not think the ward, by delaying action to secure this accounting, can postpone the running of the statute. No settlement of the guardian's accounts has ever been had in the probate court in this case, but the point is not raised that plaintiff on this account has no right to maintain this action.

Some language is used in *O'Brien v. Strang* which lends an apparent support to appellant's contention. It was not, however, necessary to a decision of the issues before the court. But it may be well for us to say something as to the meaning

of the statutory provisions involved, in view of the claims made for that case. Guardians must give bonds conditioned "for the faithful discharge of their duties as such guardians acording to law." Code 1873, section 2246. Section 2251 provides that "a failure to comply with any order of court * * * shall be deemed a breach of the conditions of the guardian's bond." Now, it is a guardian's duty to settle with his ward on the latter's coming of age, and we understand section 2251 to add something to this duty; that is, to require obedience to all orders of court. It is not intended by this section to say that a guardian is not guilty of a breach of duty unless he violates an order of court. While section 2261, which requires an additional bond on sale of real estate, provides for conditions of the bond different in terms from those of the original bond, as the provisions of the latter are set forth in section 2246, we do not think these instruments can be held to differ in legal effect. They are both intended to insure the discharge of duty by the guardian. A failure to account to the ward when he reaches majority is a breach of duty under both obligations, and, upon this breach, a right of action accrues to the ward, and the statute of limitation begins to run against it. *Humphreys v Mattoon, supra,* cannot be reconciled with the construction given by plaintiff to *O'Brien v. Strang,* unless we are prepared to say that an action may be maintained as against the sureties, though barred as against the guardian. We do not care to indorse such a proposition. The action is clearly barred, and the judgment of the district court must be AFFIRMED.