The Court of Appeals (in Case No. 16033) certified two questions to this court. The rulings made in the headnotes are in reply to those questions, and sufficiently indicate what they are.

R. W. Ware, for plaintiff.    M. L. Felts, for defendants.

Guardian and Ward, 28 C. J. p. 1311, n. 57; p. 1313, n. 99 New.

## AMERICAN SURETY COMPANY OF NEW YORK v. MACON SAVINGS BANK, guardian.

1. In a suit on a guardian's bond against the guardian and his surety, it is not necessary to allege that the plaintiff has previously obtained a judgment against the guardian in his representative capacity, in order to show a cause of action against the surety, where there is in the petition no averment as to why such a judgment has not been sought.

2. In a suit on the guardian's bond against the guardian and his surety, in which it was not made to appear that there had been any previous judgment in the plaintiff's favor against the guardian in his representative capacity, fixing the amount of his liability as such guardian, and nothing was shown as to why such a judgment had not been sought, the petition was not defective and subject to attack by a demurrer duly filed by the defendant surety, complaining of its failure to show that such previous judgment had been obtained.

Guardian and Ward, 28 C. J. p. 1312, n. 90, 98; p. 1313, n. 99, 5 New; p. 1314, n. 33.

3. Where suit was brought in June, 1924, by a qualified guardian upon the bond of a former guardian, who had been appointed and qualified in May, 1918, but who had resigned and been succeeded by the plaintiff in December, 1923, against the principal in the bond (the former guardian) and his surety thereon, alleging that the former guardian, while acting under the bond, had, at different times from May, 1918, to December, 1923, received by virtue of his guardianship various sums of money belonging to his ward, to a certain amount stated, that he had made no returns during the interim between his appointment and his resignation, that he had failed to keep any accurate and proper accounts of his acts and doings as such guardian, and had not invested any of the funds in his hands as such, that the defendant's total liability to the plaintiff was the amount received by ·the former guardian, as stated above, less a smaller item which the petition admitted to have been legally disbursed, and that no part of "said liability" had been paid to the ward, who was still a minor, or to the plaintiff, though demand therefor had been made. *Held:*

(*a*) The above allegations without more, and in the absence of anything to the contrary, show a breach of the bond.

(*b*) The above allegations without more, and in the absence of anything to the contrary, show such a breach of the bond as would entitle the plaintiff, as guardian, to recover of the defendants the moneys thus alleged to be due.

(*c*) The averment in such suit that no part of the alleged liability had been paid either to the ward or to the plaintiff, though demand therefor had been made, was not subject to any of the following objections made in a special demurrer duly filed by the defendant surety, namely: that it was not shown therein how, when, where, or by whom such demand was made, where the suit contained no other allegation giving the information called for by the demurrer.

4. Where suit was brought in June, 1924, by a qualified guardian, on the bond of a former guardian, who had been appointed and qualified in May, 1918, but who had resigned and been succeeded by the plaintiff in December, 1923, against the principal in the bond (the former guardian) and his surety thereon, alleging that such former guardian, on his appointment and qualification and while acting under the bond, took charge of the property belonging to his ward and continued in the custody of the same until his resignation; that subsequently, in response to a citation issued by the court of ordinary having jurisdiction, he did file in the court of ordinary his final return, disclosing his receipt of moneys belonging to the ward in the amount sued for, and showing that he had delivered all the same into the possession of a named attorney at law, who was acting in the transaction as attorney for and upon the authority of the surety on the bond, but failing to show what disposition, if any, had been made of the funds by the attorney or by the surety, or what further disposition had been made of the same by any one, in which suit it was further alleged that the defendants were indebted to the plaintiff as guardian in the amount so admitted in such return to have been received by the former guardian and delivered by him to his surety's attorney, and that no

part of "said liability" had been paid to the ward or to the plaintiff as guardian, though demand therefor had been made; *held:*

(a) The above allegations without more, and in the absence of anything to the contrary, show a breach of the bond.

(b) The above allegations without more, and in the absence of anything to the contrary, show such a breach of the bond as would entitle the plaintiff, as guardian, to recover of the defendants the money thus alleged to be due.

(c) The fact that the petition disclosed that such return by the former guardian had been made in response to such citation, it not being alleged at whose instance the citation was issued nor that any order or judgment of the court of ordinary had ever been taken in such proceeding, or what disposition, if any, had been made of the same, did not render such suit subject to any of the following objections made in a demurrer duly filed by the defendant surety, viz., that it was not alleged what disposition, if any, had been made of "said citation for settlement," and that it appeared that at the time of the commencement of such suit there was pending in another court, of competent jurisdiction of the parties and the subject-matter, another action between substantially the same parties, and for substantially the same cause, undisposed of.

(d) The averment in such suit that no part of the alleged liability had been paid either to the ward or to the plaintiff, though demand therefor had been made, was not subject to any of the following objections made in a demurrer duly filed by the defendant surety, namely, that it was not shown therein how, when, where, or by whom such demand was made, where the suit contained no other allegation giving the information called for by the demurrer.

No. 5061. APRIL 16, 1926.

Questions certified by Court of Appeals (Case No. 16282).

*Robert W. Barnes* and *Ryals & Anderson,* for plaintiff in error. *Jones, Park & Johnston,* contra.

HILL, J. The Civil Code (1910), § 3054, provides: "Suit may be instituted against the guardian and his sureties on his bond in the same action at the instance of his ward, or a new guardian, or any other person interested, without first suing the guardian; and if the guardian is beyond the jurisdiction of the court, or places himself in the position of a debtor liable to attachment, or is dead, and his estate unrepresented, suit may be commenced against the sureties alone; provided, that the fi. fa. issued upon a judgment obtained against the guardian and his sureties shall not be levied upon the property of the sureties until a return of nulla bona as to the guardian, unless the property of the sureties is being removed from the county. If the failure to sue the guardian arose from his voluntary act, the judgment against the

sureties shall be conclusive in any suit against him." Section 3974 provides: "The administrator and his sureties shall be held and deemed joint and several obligors, and may be sued as such in the same action; and if the administrator is beyond the jurisdiction of this State, or is dead, and his estate unrepresented, or is in such position that an attachment may be issued against him, the sureties, or any one or more of them, may be sued. No prior judgment, establishing the liability of the administrator or a devastavit by him, shall be necessary before suit against the sureties on the bond." These sections were derived from the act of 1820. Cobb's Digest, 320; Acts 1851-2, p. 235; Acts 1855-6, p. 145; Cobb's Digest, 484. These acts of the legislature and sections of the Code have been the basis of much learned discussion by former Judges of this court. As far back as the case of *Justices* v. *Sloan*, 7 *Ga.* 38, Judge Nisbet delivered a very able and well reasoned opinion; and see also, to the same effect, *Ray* v. *Justices*, 6 *Ga.* 308; *Cameron* v. *Justices*, 1 *Ga.* 36 (2) (44 Am. D. 636).

In *Bailey* v. *McAlpin*, 122 *Ga.* 616 (50 S. E. 388), Judge Cobb, speaking for the court, considered and reviewed all of the cases on this subject previously decided by this court, and also the acts of the legislature above mentioned, and reached the conclusion that the effect of the section of the Code of 1863, § 2470, now § 3974, which declares that 'no prior judgment, establishing the liability of the administrator or a devastavit by him, shall be necessary before suit against the sureties on the bond,' was to permit a suit to be brought on the bond in the first instance against the administrator and his sureties. The decision of Judge Nisbet held in effect, that, before a surety on an administrator's bond could be sued, there must be a preliminary suit against the administrator fixing the liability of such administrator. That decision, and others like it, were rendered prior to the Code of 1863. In that Code the acts of 1820 and 1851-2, with reference to suits against sureties on administrators' and guardians' bonds, were separated and put into two sections of the Code, and certain words were added which authorized suit against the guardian and his sureties on his bond in the same action at the instance of his ward, "or a new guardian, or any other person interested, without first suing the guardian." If, therefore, the reasoning of

Judge Cobb, in the case of *Bailey* v. *McAlpin,* supra, is sound, and we think it is, with reference to suits against administrators and the sureties on their bonds, the same reasoning would apply to the case of suits against guardians and the sureties on their bonds, at the instance of the ward, or a new guardian, or any other person interested, without first suing the guardian. It would serve no good purpose to review the cases or repeat the language used by Judge Cobb in reaching the conclusion above stated. His opinion is easily accessible, and his logic to our mind is unanswerable. It is true that he was dealing with what is now Civil Code § 3974, which refers exclusively to suits against *administrators* and the sureties on their bond; and it was held in that case that a prior suit against the administrator was unnecessary. Civil Code § 3054 deals exclusively with suits on *guardians'* bonds; and we think it is manifest, by a comparison of the two sections, that while the language used in each is somewhat different, the purpose of the codifiers was the same. The language of § 3974 is that "no prior judgment, establishing the liability of the administrator or a devastavit by him, shall be necessary before suit against the sureties on the bond." The language in § 3054 is to the effect that suit can be brought by either class of persons named in the section, against the guardian and the sureties on his bond jointly, "without first suing the guardian." § 3054 also provides that suit may be brought against the guardian and his sureties on his bond "in the same action." These words would be unnecessary if the purpose were simply to authorize suit against the principal and his sureties on his bond after liability had been established against the guardian. And in § 3974 these words occur: "the administrator and his sureties shall be held and deemed joint and several obligors, and may be sued as such in the same action;" and there is an absence of words indicating an intention of first suing the administrator. The two sections of the Code dealt with are the same as the two corresponding sections of the first Code, and § 3054, authorizing suit on guardians' bonds without a preliminary suit, is not a codification of any prior legislative act, but was inserted by the codifiers and made the law by subsequent adoption of the codes by the legislature.

We are of the opinion that the first two questions propounded by the Court of Appeals should be answered in the negative. The

other questions propounded by the Court of Appeals are answered in headnotes 3 and 4, and require no elaboration.

-            *All the Justices concur.*