GAYLORD ROREM, appellant, v. MYRTA ROREM et al., as executors, appellees.

No. 48288.

(Reported in 59 N.W.2d 210)

JUNE 9, 1953.

Gerald O. Blake, of Jewell, and Phelan, Karr & Karr, of Webster City, for appellant.

John Barry, of LaJolla, California, and Lundy, Butler & Lundy, of Eldora, for appellees.

WENNERSTRUM, J.—Plaintiff sought in an equity action to establish title to certain real estate and to require an accounting for its prior use, and also recovery of claimed unaccounted-for guardianship funds. The trial court held he had failed to establish by sufficient and competent evidence any of the three counts of his petition and dismissed it. He has appealed.

The plaintiff, Gaylord Rorem, and his brother, Elmer Rorem, one of the defendants, are sons of Austin Rorem and his first wife, Malinda Anderson Rorem, who died in 1891. Austin Rorem subsequently married Myrta Sintiver who survived him. To this last marriage were born S. Dale, Mark and Lydia Rorem. The widow and the three children last-named, and also Elmer Rorem

and Mark Rorem, as executors of the will of Austin Rorem, were named as defendants. Elmer Rorem did not appear by counsel and filed no answer. The other defendants had legal representation and filed answers. The will of Austin Rorem gave to his surviving wife a life estate in his property with the right to use any of the body of the estate necessary for her care, support and maintenance. The portion of decedent's estate remaining after the death of his wife was bequeathed and devised to the five children heretofore named.

Plaintiff's petition is in three counts. In the first one it is alleged Malinda B. Rorem in or about the year 1895 received an inheritance of $1400, and Austin Rorem invested this money in the purchase of eighty acres of land in Hamilton County, Iowa, taking title to it in his own name. It is further alleged there was an oral agreement between Austin Rorem and his wife Malinda "that upon the death of both" the survivor would will the property to Malinda's then living children. Despite the allegation of the receipt of an inheritance by Malinda Rorem in 1895, it is further alleged that in 1891 she died. Austin Rorem died on August 15, 1949, and it is alleged he failed to provide by his will for a transfer and devise of the real estate in question in keeping with the claimed oral agreement. The plaintiff asked for a decree confirming the title in himself and his brother, Elmer, as against all other defendants.

In the second count it is alleged Austin Rorem was appointed and qualified as guardian of plaintiff, Gaylord C. Rorem, and his brother, Elmer; that he received $3398.70 belonging to the two wards and without approval of court the guardianship funds were used by him in the purchase of a farm property in Hamilton County, Iowa, and he used this real estate until his death; and that the title to this land was held by him in trust for the two sons. It is asked the title to said land be decreed to be vested in fee simple in plaintiff and his brother, Elmer.

In Count III of plaintiff's petition it is alleged Malinda Rorem was the daughter of one Ener Anderson, who died in the year 1900 and whose estate was administered in Illinois; that Austin Rorem was appointed as guardian of the two sons, Gaylord C. and Elmer T. Rorem, and in the year 1901 the said

guardian received from the Ener Anderson estate for the benefit of his wards the sum of $1200 and in 1902 received an additional sum of $160.72 and other amounts on later dates. It is further alleged in this count of the petition the guardian never made an accounting or settlement for said sums received for his wards; the guardianship was never closed and Austin Rorem was still acting as such guardian at the time of his death. It is further alleged that Austin Rorem had told the plaintiff and his brother, Elmer, that certain property belonged to them; that they did not learn of the inaccurate representations made to them until after the death of their father and guardian. Plaintiff in his petition asked that an accounting be had and the rights of himself and Elmer T. Rorem be established in the guardianship funds and they have judgment against the defendants and that the executors of the Rorem estate be required to pay plaintiff a sum equal to the amount received by the guardian with interest.

The answering defendants denied the allegations of Count I of plaintiff's petition that Gaylord C. and Elmer T. Rorem are the owners of the land claimed. They further alleged Austin Rorem held absolute title to this property under open, notorious, exclusive and adverse possession of said land since before January 1, 1930, and for more than ten years following the alleged oral agreement; that the plaintiff and Elmer T. Rorem knew of the claimed ownership of Austin Rorem and of the various transactions relating to the title to these particular properties; and that the plaintiff and Elmer T. Rorem dealt with their father on the basis he was the owner of said land. After his death they did not file any claim in his estate for the recovery of any alleged indebtedness and permitted the estate to be administered. By reason of these facts and acts they are now barred and estopped from claiming title to said real estate or the funds of said estate of Austin Rorem.

In answer to Count II it is denied the property referred to in this count was held by Austin Rorem as trustee and that Gaylord C. Rorem and Elmer T. Rorem are the absolute owners thereof. It is further alleged Elmer T. Rorem attained his majority on March 4, 1905, and Gaylord C. Rorem attained his majority on November 9, 1907, and by reason of their failure

to assert their claim to the property or funds in the hands of Austin Rorem prior to the commencement of plaintiff's action they are guilty of laches and are barred by the statute of limitations from now making any claim to said property and funds. It is further alleged plaintiff has no right of recovery in this action because no claim was filed in the estate of Austin Rorem and the period for filing claims therein has expired. The answering defendants pleaded in response to the allegations of Count III that the plaintiff has been guilty of laches, that the claim and action as set forth in this count are barred by the statute of limitations and that he is estopped from now claiming any interest in said property. It is also pleaded that as a further bar to plaintiff's action there was a proceeding instituted in Hardin County, Iowa, by the plaintiff to set aside the will of Austin Rorem, deceased, on the grounds of testamentary incapacity and undue influence, which action was dismissed.

Plaintiff in his reply denied the material allegations of defendants' answer and particularly denied the claim of laches, adverse possession and estoppel as pleaded.

The evidence shows that Austin Rorem and Malinda B. Anderson were married sometime prior to the year 1884, that the two children were born thereafter, that administration was had of the Ener Anderson estate in Illinois and that Austin Rorem was appointed guardian for the two sons. It is further shown he received as guardian the approximate sum alleged in plaintiff's petition; that this guardianship proceeding was had in Hardin County; that no reports were ever filed and no settlement is shown to have been made by the guardian with his two wards.

The evidence further shows in connection with the purchase of what has been referred to as the Hootman eighty that Austin Rorem obtained title to it on March 10, 1884, paying for it the sum of $1400, and on the same day he and his wife executed a mortgage for the same amount. It is also shown that following the original purchase and mortgage subsequent mortgages were placed on the property, and on September 20, 1930, Austin Rorem gave a mortgage on some of the land here involved as security for a loan of $8000 which mortgage was later assigned

to Elmer T. Rorem, one of the parties to this litigation. This mortgage was released by him on July 20, 1934. The evidence further shows on July 6, 1934, Austin Rorem and his wife executed a mortgage for $9600 to the Federal Land Bank on some of the lands herein involved and in connection with the obtaining of this last referred to mortgage an affidavit of adverse possession was required and the plaintiff, Gaylord C. Rorem, obtained such an affidavit from his mother-in-law. Later, on December 1, 1943, Austin Rorem and his wife mortgaged this land to the Farmers State Bank of Jewell, Iowa, for $8000. It is shown this bank was then operated by the plaintiff.

It is further shown on June 20, 1884, Austin Rorem purchased 159 acres of land in Hamilton County, Iowa, on which there was a mortgage of $3000 and for which he paid an additional sum of $1500. This mortgage was released on April 4, 1887, at which time he executed another mortgage on the land for $1700. From time to time other mortgages were placed on the property. Included in these subsequent mortgages was one dated May 1, 1944, given by Austin Rorem and his wife to the Farmers State Bank of Jewell, Iowa, as security for a loan of $6000. This bank was operated by the plaintiff who was then its vice-president and cashier.

Austin Rorem married his second wife, Myrta, sometime prior to the year 1898, and following this marriage lived at Radcliffe, Iowa, where he was engaged in the mercantile business. During a portion of the time he was thus engaged Elmer was associated with him. There is also evidence that in 1910 the father furnished $1250 to his son Gaylord to assist him in the purchase of some stock in a bank in Oklahoma in order that he might therein obtain employment. Later other funds were furnished to Gaylord for investment purposes. The record further shows that during their adult years Elmer T. and Gaylord C. Rorem had numerous business transactions with their father and during this period there was no claim made by them of any funds received by Austin Rorem as their guardian. The first demand was made when the present action was commenced on June 30, 1951, in Hamilton County.

Austin Rorem died on August 15, 1949, and his will was

filed for probate in the District Court of Hardin County. The estate had not been closed at the time of the trial of the pending action. There was a suit commenced in Hardin County by Gaylord Rorem asking that the will of his father be set aside on the grounds of mental incapacity and undue influence. This action was subsequently dismissed with prejudice. It is also shown there were no claims filed against their father's estate by either Gaylord C. or Elmer T. Rorem.

Several witnesses testified in support of plaintiff's pleaded contentions. Harry Linn stated that about the year 1916 Austin Rorem told him that a 160(159)-acre farm to which he held title did not belong to him, that he had the income for life and it was to go to Gaylord and Elmer. His reference to particularly described land was not to the land referred to in Count I. Albert W. Amundson testified to mere family understandings, and the testimony of his wife, Mrs. Albert W. Amundson, was of a similar character. Adelaide Landoy, a daughter of Mr. and Mrs. Amundson, testified she remembered Dale Rorem had made statements in her home to the effect he had spoken to his father before he had drawn his last will and that he wanted his father's will carried out to the letter. This was the extent of her testimony. Alfred Risetter testified that about seventeen years ago he endeavored to rent some land from Austin Rorem and he told him he could not rent it because the land belonged to the boys. This testimony referred to what has been mentioned as one of the eighties. However, it is shown that subsequently the father did rent the land. Amos T. Alberts testified that Austin Rorem had told him an unimproved eighty belonged to the boys and it was to go to both of them. He stated he had heard the father make substantially the same statements on other occasions. On cross-examination the witness testified the father had stated he expected to will a particular eighty to Elmer and Gaylord. However, later in his cross-examination he denied anything had been said about a will. George Closson testified he understood it was a practice in the Ener Anderson family to make a gift to the children when they were married and stated this information came from what others had told him. Gaylord Rorem, the plaintiff, testified to a conversation he had overheard between

his father and Elmer Rorem in which the father had stated in substance, " 'I bought this farm with your mother's money.' " This conversation is purported to have taken place in 1934. There was other evidence presented which was in substance similar to some of the previous testimony but much of this was patently hearsay. A copy of an earlier will of the father was introduced which showed there was a devise to Gaylord and Elmer Rorem of eighty acres of land. There is no showing the original will was ever executed. There is a showing, however, that subsequent wills were made by Austin Rorem including the last one which was admitted to probate. It is of significance that in Count I of plaintiff's petition it is alleged Malinda B. Rorem received an inheritance of $1400 in or about the year 1895 which was invested in the purchase of eighty acres of land, which the plaintiff now seeks to recover. This is also of particular significance because of the fact the record definitely shows Malinda Rorem died in 1891 and that the first land purchased was seventeen years before any distribution was made from the Ener Anderson estate. The evidence is very definite to the effect the deed to this particular eighty was dated March 10, 1884, and that the deed to another piece of land was dated June 20, 1884. The third tract of land which was owned by Austin Rorem was obtained by deed dated February 28, 1901, which was after his marriage to his second wife. This last purchase of land was made before Austin Rorem, as guardian, received any money from the Ener Anderson estate.

Except for evidence of claimed admissions by Austin, no evidence was presented which showed any of the guardianship funds it is claimed belonged to Gaylord and Elmer Rorem were invested in the purchase of any of the lands referred to in the pending litigation.

Our previous summarization of the testimony which the plaintiff presented falls far short of the requirements which would warrant a court in finding for the plaintiff in this action. There is much testimony which the defendants have presented which convincingly refutes the allegations and claims of the plaintiff, but for purposes of brevity we have restricted our comments to the plaintiff's claims and testimony.

■ I. The plaintiff in order to successfully sustain the claim he and his brother should be held to be the equitable owners of certain lands must present evidence that is clear, satisfactory and convincing. Vanston v. Rupe, 244 Iowa 609, 57 N.W.2d 546. In the instant case the evidence by which plaintiff seeks to obtain support for the claims he makes is very largely of a parol nature. Concerning this type of evidence in a case such as we are here considering, we quoted in Sinclair v. Allender, 238 Iowa 212, 222, 26 N.W.2d 320, 326, from Noel v. Noel, 1 (Clarke) Iowa 423, 425, as follows: " "* * * It is contrary to every correct principle, that the legal title should be divested upon parol testimony, which is not clear, satisfactory and distinct.' " For a thorough review of our previous cases relative to the necessary degree of proof to establish a resulting trust as is claimed in the instant case, see Sinclair v. Allender, supra. And relative to the degree of proof necessary to sustain an oral agreement such as is claimed to have existed between Austin Rorem and his first wife, Malinda, the proof must also be clear, satisfactory and convincing. England v. England, 243 Iowa 274, 278, 51 N.W.2d 437, 439. The character of the testimony which plaintiff has presented justifies our reference to the case of Byers v. Byers, 242 Iowa 391, 404, 46 N.W.2d 800, 807, where we stated: "* * * the court has announced that such testimony is heard with doubt and skepticism, examined with the closest scrutiny, subjected to the most severe tests which tend to weaken its credibility, and carefully, jealously and cautiously weighed and considered."

■ In connection with the initial claim made by plaintiff in Count I of his petition that Malinda Rorem received an inheritance in 1895, it is of interest to note in his brief and argument it is there contended Malinda received from her father at the time of her marriage a dowry of $1500. This claim is, although not pleaded, unquestionably belatedly made because of the fact title to two of the tracts of land here involved was obtained in 1884. We are not impressed by this effort to change the issues in this manner. It is true one witness testified his uncle, a son-in-law of Ener Anderson, had told him, "All of Ener Anderson's children received $1500 when they got married." Even if these

facts had been pleaded the statement quoted must be admitted to be hearsay testimony. We have no hesitancy in holding the proof presented falls far short of being clear, satisfactory and convincing and consequently fails to support plaintiff's contentions.

II. The answering defendants have pleaded the plaintiff is not entitled to relief because of the bar of the statute of limitations and further claim his action is also barred because of his laches. The instant litigation was commenced approximately sixty years after the death of Malinda Rorem, approximately fifty years after the guardianship funds were received by Austin Rorem and over forty years after the wards attained their majority. There are two limitation statutes which we believe preclude recovery by plaintiff. One is section 614.1(6), 1950 Code, which provides that an action for the recovery of real property must be commenced within ten years. The other is section 614.17, 1950 Code, a general limitation statute, which provides no action to recover real estate shall be maintained based upon any claim arising prior to January 1, 1930, subject to certain procedural limitations. The plaintiff has in no way shown by convincing evidence that there was a trust relationship making these statutes inapplicable. There is a possibility section 614.1(5), 1950 Code, might be applicable to Count III of plaintiff's petition as it applies to "all other actions not otherwise provided for * * * within five years * * *."

III. A failure on the part of a ward to require a final accounting of guardianship funds cannot postpone the running of the statute. Then, too, the attainment of majority of a ward is a termination of the guardianship for the purpose of starting the operation of the statute of limitations. Armon v. Craig, 203 Iowa 1338, 1340, 1341, 214 N.W. 556, and cases cited.

The failure of plaintiff and his brother to timely assert their claims warrants our holding that the present action is barred by the statute of limitations and laches.

The statement made in Copeland v. Voge, 237 Iowa 102, 111, 20 N.W.2d 2, 7, relative to the facts there presented is applicable to the present situation:

"We cannot assume that appellants were ignorant of the situation during the years after 1913 and until they commenced this suit. They must be charged with knowledge that the farm stood in the name of the stepfather and that he was operating it as his own. There was no concealment, no fraud. There is no suggestion that they ever received or demanded any part of the proceeds of operation, or in any manner asserted their claimed interest in the property. We cannot allow them to assert it now."

There have been many issues fully argued in the presentation of this appeal. We have considered those that appear of particular import. We find no basis for reversal and therefore affirm.—Affirmed.

All JUSTICES concur.