35947. ROGERS *v.* TAINTOR *et al.*

DECIDED NOVEMBER 17, 1955.

*Heyman & Abram,* for plaintiff in error.

*Eugene L. Tiller,* contra.

TOWNSEND, J. ■ Headnote 1 needs no elaboration.

■ It is contended by the plaintiff in error that the provisions of Code § 49-235 give him, as an heir of the deceased ward and therefore a "person interested" a right to bring a direct action against the defendant guardian and his surety on the guardian's bond to recover the money alleged to have been misappropriated

by such guardian without regard to the fact that the ward is dead and the plaintiff is not the administrator of the ward's estate. This contention is without merit, for the reason that the purpose of Code § 49-235 was not to create a right of action in any person or class of persons, but to obviate the necessity of a plaintiff who had a cause of action filing an action and obtaining a judgment against a guardian as a prerequisite to commencing a suit on a guardian's bond. The history of this legislation was exhaustively covered in *Bailey* v. *McAlpin*, 122 *Ga.* 616 (50 S. E. 388). It was there pointed out that prior to 1820 it was necessary to bring three actions in order to recover on the bond of an administrator or a guardian—first against the fiduciary in his representative capacity, secondly against him in his individual capacity, and thirdly against the sureties themselves. The act of 1820, while intended to obviate the necessity for more than one suit, was so construed by the courts that, while an action could thereafter be brought against the fiduciary in his representative and individual capacities simultaneously, it was still necessary to obtain judgment therein before suing the sureties. This deficiency was remedied, as pointed out in the *Bailey* case, by the Act of 1852 (Ga. L. 1851-52, p. 235) which was passed for that purpose. The *Bailey* case dealt with an administrator's bond, but what was therein held was adopted as being equally applicable in actions on guardians' bonds in *American Surety Co. of New York* v. *Macon Savings Bank*, 162 *Ga.* 143 (132 S. E. 636). Any person at interest who might otherwise have sued a guardian and his surety, or an administrator and his surety, and recovered against the surety in a separate action may by virtue of this statute now sue such parties jointly in the same action, but no new right of action is created against either a guardian or an administrator which did not formerly exist. Nothing in this Code section alters the rule that a person other than the personal representative of an estate cannot sue at law to collect personalty which is a part of the assets of such estate.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*